| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) | |
| Case number (if known): _____ Chapter **11** | |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | Marelli Aftermarket Germany GmbH |
|---|---|---|

| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names, and *doing business as* names | Magneti Marelli Aftermarket GmbH |
|---|---|---|

| 3. | Debtor's federal Employer Identification Number (EIN) | 65204/10384 |
|---|---|---|

| 4. | Debtor's address | **Principal place of business**  Heinz-Nixdorf-Straße 4  Number    Street  74172 Neckarsulm  City        State    Zip Code  Germany | **Mailing address, if different from principal place of business**  26555 Northwestern Highway  Number    Street  P.O. Box  Southfield, Michigan 48033  City    State    Zip Code  **Location of principal assets, if different from principal place of business**  Number    Street  City    State    Zip Code |
|---|---|---|---|

| 5. | Debtor's website (URL) | https://www.marelli.com |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |
|---|---|---|

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 1

Debtor  **Marelli Aftermarket Germany GmbH**    Case number *(if known)*
_____Name_____

| 7. Describe debtor's business | A. *Check One:* |
|---|---|
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | B. *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . **3363 (Other Motor Vehicle Parts Manufacturing)** |

| 8. Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* |
|---|---|
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11.  Check **all** that apply: |
| | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☒ No ☐ Yes. | District _____ When __MM/DDYYYY__ Case number _____ |
|---|---|---|
| | | District _____ When __MM/DD/YYYY__ Case number _____ |

| | |
|---|---|
| Debtor  **Marelli Aftermarket Germany GmbH** | Case number *(if known)* _____ |
| Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1** | Relationship | **Affiliate** |
| District | **District of Delaware** | When | **06/11/2025** |
| | Case number, if known _____ | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City                    State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Debtor  **Marelli Aftermarket Germany GmbH**    Case number *(if known)* _____
        Name

**15. Estimated assets**

(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

(on a consolidated basis)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/11/2025**
               MM/ DD / YYYY

✗    **/s/ Marisa Iasenza**                                **Marisa Iasenza**
     Signature of authorized representative of debtor      Printed name

     Title    **Authorized Signatory**

**18. Signature of attorney**

✗    **/s/ Laura Davis Jones**                    Date    **06/11/2025**
     Signature of attorney for debtor                     MM/DD/YYYY

     **Laura Davis Jones**
     Printed name

     **Pachulski Stang Ziehl & Jones LLP**
     Firm name

     **919 North Market Street, 17th Floor, P.O. Box 8705**
     Number           Street

     **Wilmington**                                    **Delaware**        **19801**
     City                                              State               ZIP Code

     **(302) 652-4100**                                **ljones@pszjlaw.com**
     Contact phone                                     Email address

     **2436**                                          **Delaware**
     Bar number                                        State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **District of Delaware** |
| (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Marelli Automotive Lighting USA LLC.

- Marelli Automotive Lighting USA LLC
- Automotive Lighting UK Limited
- Calsonic Kansei (Shanghai) Corporation
- CK Trading De México, S. De R.L. De C.V.
- Magneti Marelli Argentina S.A.
- Magneti Marelli Conjuntos de Escape S.A.
- Magneti Marelli do Brasil Indústria e Comércio S.A
- Magneti Marelli Repuestos S.A.
- Marelli (China) Co., Ltd
- Marelli (China) Holding Company
- Marelli (Guangzhou) Corporation
- Marelli (Thailand) Co., Ltd
- Marelli (Xiang Yang) Corporation
- Marelli Aftermarket Germany GmbH
- Marelli Aftermarket Italy S.p.A.
- Marelli Aftermarket Poland Sp. z o.o.
- Marelli Aftermarket Spain S.L.
- Marelli Aftersales Co., Ltd.
- Marelli Argentan France
- Marelli Automotive Chassis System (Guangzhou) Co., Ltd.
- Marelli Automotive Components (Guangzhou) Corporation
- Marelli Automotive Components (Wuhu) Co., Ltd.
- Marelli Automotive Components (Wuxi) Corporation
- Marelli Automotive Electronics (Guangzhou) Co., Ltd.
- Marelli Automotive Lighting (Foshan) Co., Ltd.
- Marelli Automotive Lighting France
- Marelli Automotive Lighting Italy S.p.A.
- Marelli Automotive Lighting Jihlava (Czech Republic) s.r.o.
- Marelli Automotive Lighting Juárez Mexico, S.A de C.V.
- Marelli Automotive Lighting Tepotzotlán México S. de R.L. de C.V.
- Marelli Automotive Systems Europe PLC
- Marelli Automotive Systems UK Limited
- Marelli Bielsko-Biała Poland Sp. z o.o.
- Marelli Business Service (Dalian) Co., Ltd.
- Marelli Business Service Corp.
- Marelli Cabin Comfort Mexicana, S.A. de C.V.
- Marelli Cabin Comfort Trading de México, S. de R.L. de C.V.
- Marelli Cluj Romania S.R.L.
- Marelli Cofap do Brasil Ltda
- Marelli Corporation
- Marelli do Brasil Indústria e Comércio Ltda.
- Marelli eAxle Torino S.R.L.
- Marelli Engineering (Shanghai) Co., Ltd.
- Marelli EPT Strasbourg (France)
- Marelli España S.A.
- Marelli Europe S.p.A.
- Marelli France
- Marelli Fukushima Corporation
- Marelli Germany GmbH
- Marelli Global Business Services America, S. de R.L. de C.V.
- Marelli Global Business Services Europe s.r.o.
- Marelli Holding USA LLC
- Marelli Holdings Co., Ltd.
- Marelli Indústria e Comércio de Componentes Automotivos Brasil Ltda.
- Marelli International Trading (Shanghai) Co., Ltd
- Marelli Iwashiro Corp.
- Marelli Kechnec Slovakia s.r.o.
- Marelli Kyushu Corporation
- Marelli Mako Turkey Elektrik Sanayi Ve Ticaret Anonim Sirketi
- Marelli Mexicana, S.A. de C.V.
- Marelli Morocco LLC
- Marelli North America, Inc.
- MARELLI NORTH CAROLINA USA LLC
- Marelli Ploiesti Romania S.R.L.
- Marelli Powertrain (Hefei) Co., Ltd.
- Marelli R&D Co., Ltd.
- Marelli Ride Dynamics México S. de R.L. de C.V.
- Marelli Sistemas Automotivos Indústria e Comércio Brasil Ltda
- Marelli Smart Me Up
- Marelli Sophia Antipolis France
- Marelli Sosnowiec Poland Sp. z o.o.
- Marelli Suspension Systems Italy S.P.A.
- Marelli Tennessee USA LLC
- Marelli Toluca México S. de R.L. de C.V.
- Marelli Tooling (Guangzhou) Corporation
- Marelli Yokohama Co., Ltd.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MARELLI AFTERMARKET GERMANY GMBH, | ) | Case No. 25-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Marelli Aftermarket Italy S.p.A. | 26555 Northwestern Highway Southfield, Michigan 48033 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARELLI AFTERMARKET GERMANY GMBH, | Case No. 25-_____(___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Marelli Aftermarket Italy S.p.A. | 100% |

Case 25-11080-CTG    Doc 1    Filed 06/11/25    Page 8 of 19

Debtor    MARELLI AUTOMOTIVE LIGHTING USA, LLC et al.                                    Case number (if known)_____

Fill in this information to identify the case:

Debtor name: Marelli Automotive Lighting USA, LLC, et al.
United States Bankruptcy Court for the: District of Delaware
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | STELLANTIS<br>TAURUSAVENUE 1<br>HOOFDDORP, 2312 NETHERLANDS | ATTN: DOUG OSTERMANN<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (217) 330-7428<br>EMAIL: DOUG.OSTERMANN@STELLANTIS.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 453,958,618 |
| 2 | NISSAN<br>1-1, TAKASHIMA 1-CHOME<br>YOKOHAMA, 220-8686 JAPAN | ATTN: MITSURO ANTOKU<br>TITLE: CHIEF QUALITY OFFICER<br>PHONE: +1 (800) 647-7261<br>EMAIL: MITSURO.ANTOKU@NISSAN.CO.JP | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 313,145,938 |
| 3 | BOSCH GROUP<br>ROBERT-BOSCH-PLATZ 1<br>GERLINGEN-SCHILLERHÖHE, 70839 GERMANY | ATTN: DR. MARKUS FORSCHNER<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (917) 421-7209<br>EMAIL: MARKUS.FORSCHNER@DE.BOSCH.COM | TRADE PAYABLE | | | | $ 45,088,793 |
| 4 | MAZDA<br>3-1 SHINCHI, FUCHU-CHO<br>HIROSHIMA, 730-8670 JAPAN | ATTN: JEFF GUYTON<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (800) 222-5500<br>EMAIL: JEFF.GUYTON@MAZDA.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 30,091,528 |
| 5 | GRANGES<br>BOX 5505<br>STOCKHOLM, 114 85 SWEDEN | ATTN: JOHAN MENCKEL<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +46 (8) 459-5900<br>EMAIL: JOHAN.MENCKEL@GRANGES.COM | TRADE PAYABLE | | | | $ 26,141,936 |
| 6 | TESLA<br>1 TESLA ROAD<br>AUSTIN, TX 78725 UNITED STATES | ATTN: VAIBHAV TANEJA<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: +1 (888) 518-3752<br>EMAIL: VTANEJA@TESLA.COM | TRADE PAYABLE / CUSTOMER ADVANCE | | | | $ 22,215,569 |
| 7 | TEKSID<br>VIA UMBERTO II, 5<br>CARMAGNOLA, 10022 ITALY | ATTN: VIRGILIO CERUTTI<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +48 (33) 853-8200<br>EMAIL: VIRGILIO.CERUTTI@STELLANTIS.COM | TRADE PAYABLE | | | | $ 21,520,637 |
| 8 | NISSIN KOGYO CO., LTD.<br>172 KAMISOYAGI<br>YAMATO-CITY, KANAGAWA 242-0029 JAPAN | ATTN: YUICHIRO ASANO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +46 (264) 1221<br>EMAIL: | TRADE PAYABLE | | | | $ 14,297,962 |
| 9 | BASF<br>STORKOWER STRAßE 146<br>BERLIN, 10407 GERMANY | ATTN: DIRK ELVERMANN<br>TITLE: CHIEF FINANCIAL OFFICER AND CHIEF DIGITAL OFFICER<br>PHONE: +1 (973) 245-6000<br>EMAIL: DIRK.ELVERMANN@BASF.COM | TRADE PAYABLE | | | | $ 14,285,830 |
| 10 | MACNICA<br>1-6-3 SHIN-YOKOHAMA<br>YOKOHAMA, 222-8561 JAPAN | ATTN: AKINOBU MIYOSHI<br>TITLE: CO-CHIEF EXECUTIVE OFFICER<br>PHONE: +1 (408) 205-7141<br>EMAIL: AKINOBUMIYOSHI@GMAIL.COM | TRADE PAYABLE | | | | $ 14,084,332 |
| 11 | COVESTRO<br>KAISER-WILHELM-ALLEE 60<br>LEVERKUSEN, 51373 GERMANY | ATTN: SUCHETA GOVIL<br>TITLE: CHIEF COMMERCIAL OFFICER<br>PHONE: +1 (412) 413-2673<br>EMAIL: SUCHETA.GOVIL@COVESTRO.COM | TRADE PAYABLE | | | | $ 13,683,540 |
| 12 | INTEGRATED MICRO-ELECTRONICS<br>NORTH SCIENCE AVENUE, SPECIAL EXPORT PROCESSING ZONE<br>BIÑAN, 4024 PHILLIPINES | ATTN: ERIC DE CANDID<br>TITLE: CHIEF OPERATING OFFICER<br>PHONE: +63 (2) 7756-6840<br>EMAIL: ERIC.DECANDIDO@GLOBAL-IMI.COM | TRADE PAYABLE | | | | $ 11,998,543 |
| 13 | RENESAS ELECTRONICS<br>TOYOSU FORESIA<br>TOKYO, 135-0061 JAPAN | ATTN: HIDETOSHI SHIBATA<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +1 (408) 432-8888<br>EMAIL: HIDETOSHI.SHIBATA@RENESAS.COM | TRADE PAYABLE | | | | $ 11,481,387 |
| 14 | WIPRO LIMITED<br>DODDAKANNELLI, SARJAPUR ROAD<br>BENGALURU, 560 035 INDIA | ATTN: SRINI PALLIA<br>TITLE: CEO AND MANAGING DIRECTOR<br>PHONE: +1 (732) 394-8255<br>EMAIL: SPALLIA@WIPRO.COM | TRADE PAYABLE | | | | $ 11,426,300 |
| 15 | WUHU FORESIGHT TECHNOLOGY CO. LTD<br>NO. 2, LINGYUAN ROAD<br>WUHU CITY, 241000 CHINA | ATTN: LU WENBO<br>TITLE: GENERAL MANAGER<br>PHONE: +86 (553) 596-3550<br>EMAIL: FS@FORESIGHT-INT.COM | TRADE PAYABLE | | | | $ 10,667,613 |
| 16 | MITSUBA CORPORATION<br>1-2681 HIROSAWA-CHO<br>KIRYU, GUNMA 376-8555 JAPAN | ATTN: HIROAKI TANJI<br>TITLE: BOARD MEMBER<br>PHONE: +81 (277) 52-0111<br>EMAIL: H-TANJI@MITSUBA.CO.JP | TRADE PAYABLE | | | | $ 10,302,024 |
| 17 | MITSUBISHI<br>3-1, MARUNOUCHI 2-CHOME<br>TOKYO, 100-8086 JAPAN | ATTN: YUZO NOUCHI<br>TITLE: CORPORATE FUNCTIONAL OFFICER<br>PHONE: +1 (888) 648-7820<br>EMAIL: YUZO.NOUCHI@MITSUBISHICORP.COM | TRADE PAYABLE | | | | $ 10,279,377 |
| 18 | BITRON<br>STRADA DEL PORTONE 95<br>GRUGLIASCO, 10095 ITALY | ATTN: ALBERTO MORO<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: +39 (011) 4029-111<br>EMAIL: ALBERTO.FARCI@BITRON-IND.COM | TRADE PAYABLE | | | | $ 10,124,497 |

Debtor ___MARELLI AUTOMOTIVE LIGHTING USA, LLC et al._____  Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | AMS-OSRAM AG  TOBELBADER STRASSE 30  PREMSTAETTEN, 8141 AUSTRIA | ATTN: ALDO KAMPER  TITLE: CHIEF EXECUTIVE OFFICER  PHONE: +43 (3136) 500-0  EMAIL: ALDO.KAMPER@OSRAM.COM | TRADE PAYABLE | | | | $ 9,967,101 |
| 20 | SUZUKI MOTOR CORPORATION  300 TAKATSUKA-MACHI  HAMAMATSU, 432-8611 JAPAN | ATTN: MASAKI KUWABARA  TITLE: MANAGER OF LEGAL COMPLIANCE  PHONE: +81 (53) 455-2111  EMAIL: MASAKIKUWABARA@HHQ.SUZUKI.CO.JP | TRADE PAYABLE | | | | $ 9,863,244 |
| 21 | QUALCOMM TECHNOLOGIES  5775 MOREHOUSE DR.  SAN DIEGO, CA 92121 UNITED STATES | ATTN: ANN CHAPLIN  TITLE: GENERAL COUNSEL AND CORPORATE SECRETARY  PHONE: +1 (858) 587-1121  EMAIL: ACHAPLIN@QUALCOMM.COM | TRADE PAYABLE | | | | $ 9,603,170 |
| 22 | AVNET  2211 SOUTH 47TH STREET  PHOENIX, AZ 85034 UNITED STATES | ATTN: MICHAEL R. MCCOY  TITLE: GENERAL COUNSEL AND CHIEF LEGAL OFFICER  PHONE: +1 (800) 332-8638  EMAIL: MICHAEL.MCCOY@AVNET.COM | TRADE PAYABLE | | | | $ 9,463,615 |
| 23 | ARROW ELECTRONICS  7340 S. ALTON WAY UNIT 11G  CENTENNIAL, CO 80112 UNITED STATES | ATTN: CARINE JEAN-CLAUDE  TITLE: SENIOR VICE PRESIDENT AND CHIEF LEGAL AND COMPLIANCE OFFICER  PHONE: +1 (855) 326-4757  EMAIL: CJEANCLAUDE@ARROW.COM | TRADE PAYABLE | | | | $ 9,196,498 |
| 24 | TIBERINA GROUP  VIA TIBERINA, 123  COLLAZZONE, PG 06050 ITALY | ATTN: ALBERTO FARCI  TITLE: GENERAL MANAGER  PHONE: +42 (32) 670-9197  EMAIL: ALBERTO.FARCI@TIBERINA.CZ | TRADE PAYABLE | | | | $ 8,970,886 |
| 25 | UNIPRES CORPORATION  SUN HAMADA BLDG. 5F  YOKOHAMA, 222-0033 JAPAN | ATTN: YUKIHIKO MORITA  TITLE: SENIOR EXECUTIVE VICE PRESIDENT, FINANCE & ACCOUNTING  PHONE: +81 (45) 477-5121  EMAIL: INFO@UNIPRESSCORP.COM | TRADE PAYABLE | | | | $ 8,546,082 |
| 26 | BTV TECHNOLOGIES GMBH  HEINRICH-HERTZ-STR. 12  UNNA, D-59423 GERMANY | ATTN: MAXIMILIAN KRANE  TITLE: CHIEF EXECUTIVE OFFICER  PHONE: +49 (2303) 333-0  EMAIL: MAXIMILIANNAN@BTV-GRUPPE.COM | TRADE PAYABLE | | | | $ 8,128,940 |
| 27 | VISTEON  ONE VILLAGE CENTER  VAN BUREN TOWNSHIP, MI 48111 UNITED STATES | ATTN: BRETT PYNNONEN  TITLE: SENIOR VICE PRESIDENT AND GENERAL COUNSEL  PHONE: +1 (734) 627-7384  EMAIL: BPYNNONEN@VISTEON.COM | TRADE PAYABLE | | | | $ 7,596,117 |
| 28 | VALEO  100 RUE DE COURCELLES  PARIS, 75017 FRANCE | ATTN: CHRISTOPHE PÉRILLAT  TITLE: CHIEF EXECUTIVE OFFICER  PHONE: +33 (0)1-40-55-20-20  EMAIL: CHRISTOPHE.PERILLAT@VALEO.COM | TRADE PAYABLE | | | | $ 7,540,594 |
| 29 | PENSION BENEFIT GUARANTY CORPORATION  1200 K STREET, NW  WASHINGTON, DC 20005 UNITED STATES | ATTN: LISA CLARK  TITLE: CHIEF FINANCIAL OFFICER  PHONE: +1 (202) 326-4400  EMAIL: PBGCPUBLICAFFAIRS@PBGC.GOV | PENSION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNLIQUIDATED |
| 30 | PENSION PROTECTION FUND  RENAISSANCE  CROYDON, CR0 2NA UNITED KINGDOM | ATTN: MICHELLE OSTERMANN  TITLE: CHIEF EXECUTIVE OFFICER  PHONE: +44 (20) 8633-4902  EMAIL: MICHELLE.OSTERMANN@PPF.CO.UK | PENSION | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNLIQUIDATED |

# SHAREHOLDER'S RESOLUTION

## of the shareholder of

## Marelli Aftermarket Germany GmbH

June 9, 2025

**Marelli Aftermarket Italy S.p.A.**, incorporated under the laws of Italy, registered with the Italian Business Register of Milan, Monza-Brianza and Lodi under number 08396100011, with registered office at 20011 Corbetta (MI), Viale Aldo Borletti 61-63, Italy, is the sole shareholder (the "**Shareholder**") of

**Marelli Aftermarket Germany GmbH,** a limited liability company (*Gesellschaft mit beschränkter Haftung*), incorporated and existing under the laws of the Federal Republic of Germany, registered in the commercial register (*Handelsregister*) of the local court (*Amtsgericht*) of Stuttgat under HRB 107957, with registered seat at Heinz-Nixdorf-Straße 4, 74172 Neckarsulm, Germany (the "**Company**").

## Preamble

1. The Company informed the Shareholder that according to the assessment of the Company's directors, it is desirable and in the best interest of the Company that the Company files voluntary petitions for relief under the provisions of chapter 11 of title 11 (the "**Chapter 11 Petition**"; such proceedings, the "**Chapter 11 Proceedings**") of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**US Bankruptcy Code**") alongside a number of other members of the Marelli group of companies (including the Company, the "**Group**") in order to facilitate a restructuring of the indebtedness of the Group, stabilize the liquidity situation of the Group and allow the Group to secure its positive going-concern in the long-term. As part of the Chapter 11 Proceedings, among other things, certain Group entities intend to enter into a debtor-in-possession financing under the US Bankruptcy Code (the "**DIP Financing**"), benefitting the Group (including the Company) and the Company intends to grant a guarantee and to provide further security over certain or all of its assets in respect of liabilities under and in connection with the DIP Financing (the measures described in this paragraph 1 together with any related measures, the "**Transaction**").

2. As part of or in connection with the Transaction, the Company intends to enter into the following documents, if so requested by the Shareholder:

    (a) A certain restructuring support agreement by and among the Company, certain other members of the Group, certain of its affiliates, certain consenting creditors, and certain consenting parties (the "**Restructuring Support Agreement**");

    (b) any other documents governed by German law or any other law, including without limitation:

    (i) agreements;

    (ii) security documents;

- (iii) shareholder resolutions with respect to the Company's subsidiaries' execution of any documents in connection with the Transaction;

- (iv) any other resolutions;

- (v) notices;

- (vi) certificates;

- (vii) requests;

- (viii) powers of attorney;

- (ix) stock transfer forms;

- (x) other letters or declarations;

- (xi) adviser retention agreements;

- (xii) fee arrangements;

- (xiii) any guarantees, certificates, instruments, agreements, security agreements, intercreditor agreements, extension or amendment agreements, any incremental agreement, or any other document related to the Company entering into and performing its obligations in respect of the DIP Financing;

- (xiv) any other petitions, schedules, motions, lists, applications, pleadings, and other papers as part of the Chapter 11 Proceedings; and/or

- (xv) any and all other letters, forms, transfer, deeds, amendments, supplements, waivers, consents and other documents that are or will be required in connection with the Transaction and/or the documents set out in 2(a) through 2(b) above (the documents in 2(a) through 2(b) together, the "**Transaction Documents**").

Waiving, to the extent legally possible, any and all formalities and notice periods provided by law or by the articles of association of the Company as to a shareholder's meeting, in particular but not limited to the time and place, the Shareholder hereby convenes as sole shareholder a shareholder's meeting and resolves as follows:

**Shareholder's resolution**

1. The Shareholder authorises each partner, director, manager, or other duly appointed officer of Marelli Automotive Lighting USA LLC, any attorneys-in-fact acting on behalf of the Company pursuant to powers of attorney, and the Company (collectively, the "**Authorised Signatories**") to file the Chapter 11 Petition and take any actions related to the Chapter 11 Petition, the Chapter 11 Proceedings and any other aspects of the Transaction.

2. The Shareholder approves the terms of, and the transactions contemplated by, the Transaction Documents and resolves that the Company (acting through its managing directors (*Geschäftsführer*) or any of the Authorised Signatories) shall execute, deliver and perform any Transaction Document to which it is a party.

3. The Shareholder authorises and instructs (*anweisen*) the managing directors (*Geschäftsführer*) and the Authorized Signatories to execute, deliver and perform any Transaction Document to which the Company is a party.

4. The Shareholder authorises and instructs (*anweisen*) the managing directors (*Geschäftsführer*) and the Authorised Signatories to sign and/or despatch on behalf of the Company all documents and notices to be signed and/or despatched by the Company under or in connection with any Transaction Document to which the Company is or is intended to be a party.

5. The Shareholder authorises and instructs (*anweisen*) the managing directors (*Geschäftsführer*) and the Authorised Signatories, and consents that the managing directors (*Geschäftsführer*) and the Authorised Signatories make all declarations, take all other acts and receive any declaration vis-à-vis third parties for and on behalf of the Company useful and appropriate for the purposes set out in paragraph 2(a) to 2(b) above and conclude, modify, confirm, restate and/or amend agreements, declarations and other documents of any kind and in each case to take all required actions for such conclusion, modification, confirmation, restatement and/or amendment.

6. The Shareholder authorises and instructs (*anweisen*) the managing directors (*Geschäftsführer*) of the Company to grant any upstream and cross stream security and guarantee as contemplated in the Transaction Documents and to defer any rights of the Company against the Shareholder or any other Group company in connection with or resulting from such security and/or guarantees (in particular, any indemnity, recourse claims and/or rights to request security for such claims) if and as contemplated in the Transaction Documents. This instruction (*Weisung*) shall only apply to the extent that such granting and deferral is not prohibited by mandatory statutory provisions and does not violate any statutory duties of the managing directors (*Geschäftsführer*) of the Company which protect the Company's third-party creditors.

7. The Shareholder irrevocably consents to any pledges over the shares in the Company together with all ancillary rights and claims associated therewith as security under or in connection with the Transaction Documents and to any transfers of the shares in the Company together with all ancillary rights and claims associated therewith upon enforcement of such pledges in connection with the Transaction Documents.

8. The Shareholder hereby irrevocably consents (*einwilligen*) to and/or ratifies (*genehmigt*) any past or future action taken under or in connection with the Transaction and the Transaction Documents on behalf of the Company by the Authorised Signatories and releases the Authorised Signatories from the restrictions of § 181 of the German Civil Code (*Bürgerliches Gesetzbuch*) or any similar restrictions under applicable law. This consent, ratification and release includes, without limitation, the authorisation to grant (sub-)powers of attorney (*(Unter-)Vollmacht*) including the release from the exemption from the restrictions of § 181 of the German Civil Code (*Bürgerliches Gesetzbuch*) or any similar restrictions under applicable law.

9. This shareholder's resolution shall be construed extensively. Amendments with respect to the parties, the names of the agreements and/or the amounts in connection with the aforementioned agreements do not affect this shareholder's resolution.

10. Any actions referred to in the above resolutions which have already been taken are hereby ratified.

11. This resolution and any rights or obligations arising out of it are governed by German law.

12. No further resolutions were passed. The shareholder's meeting of the Company is hereby concluded. The Shareholder expressly endorses the above resolutions and irrevocably waives the right to launch a claim against, or contest, the validity of the above resolutions.

MARELLI AFTERMARKET ITALY S.P.A.

By: _____
Stefano Alfredo Sancassani
Title:   Authorized Representative

*[Signature Page to Marelli Aftermarket Germany GmbH Shareholder Resolution]*

**Execution Version**

## Power of Attorney

June 9, 2025

The undersigned

**Marelli Aftermarket Germany GmbH**,

a limited liability company (*Gesellschaft mit beschränkter Haftung*), incorporated and existing under the laws of the Federal Republic of Germany, registered in the commercial register (*Handelsregister*) of the local court (*Amtsgericht*) of Stuttgart under HRB 107957, with registered seat at Heinz-Nixdorf-Straße 4, 74172 Neckarsulm, Germany (the "Principal")

hereby authorizes David Slump, Alanna Abrahamson, Marisa Iasenza, and each partner, director, manager, or other duly appointed officer of Marelli Automotive Lighting USA LLC. (each an "Attorney-in-fact"), each individually,

to represent the Principal comprehensively in connection with the filing of voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "US Bankruptcy Code") (the "Restructuring Matters").

This Power of Attorney includes, without limitation, the authorization:

a) to prepare, execute (under the common seal of the Principal, if appropriate) and file on behalf of the Principal all petitions, schedules, lists, and other motions, papers, or documents (the "Pleading Documents"), and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Principal's or any of its subsidiaries' businesses;

b) to enter on behalf of the Principal into a restructuring support agreement (the "Restructuring Support Agreement") by and among the Principal, certain of its affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to the Attorneys-in-fact on or in advance of the date hereof;

c) to enter on behalf of the Principal into a restructuring transaction or series of restructuring transactions by which the Principal will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "Restructuring Transactions") with such changes and in such form as the Attorney-in-fact or Attorneys-in-fact executing the same shall in his or their absolute discretion deem appropriate;

d) to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Principal, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents in furtherance of the Restructuring Transactions to which the Principal is or will be a party, including, but not limited to, the Restructuring Support Agreement (together with the Pleading Documents, the "Transaction Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Principal, with such changes, additions and modifications thereto as the Attorneys-in-fact executing the same shall, in their absolute discretion approve, such approval to be conclusively evidenced by such Attorney-in-fact's and/or officer's execution and delivery thereof;

e) to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Support Agreement in connection with the

      Restructuring Transactions, and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions;

f)   to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel, (ii) the law firm of Pachulski Stang Ziehl & Jones LLP as co-bankruptcy counsel, (iii) Alvarez & Marsal North America, LLC as restructuring advisor, (iv) PJT Partners Inc. as investment banker, (v) Kurtzman Carson Consultants, LLC dba Verita Global as notice and claims agent, and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Attorneys-in-fact deem necessary, appropriate or advisable; each to represent and assist the Principal in carrying out its duties and responsibilities and exercising its rights under the US Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Attorneys-in-fact, be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Principal, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

g)   to execute (under the common seal of the Principal, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed the appropriate applications for authority to retain services of the abovementioned professionals and those professionals thereafter the Attorneys-in-fact deem necessary, and to perform such further actions and execute (under the common seal of the Principal, if appropriate) such further documentation that the Attorneys-in-fact in their absolute discretion deem necessary, appropriate or desirable in accordance with this Power of Attorney;

h)   to enter into any guarantees as described or contemplated by the documents (the "DIP Financing Documents") evidencing any debtor-in-possession financing obligations (the "DIP Financing") or any other documents, certificates, instruments, agreements, security agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Financing Documents and perform its obligations thereunder (the "DIP Obligations") and to guarantee the payment and performance of the DIP Obligations of the Principal and any other guarantor thereunder;

i)   to incur the DIP Obligations and to approve the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("Cash Collateral") pursuant to the orders of the Bankruptcy Court authorizing and approving, among other things, the DIP Financing and the transactions contemplated by the DIP Term Sheet (the "DIP Orders"), and any Attorney-in-fact be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Principal, necessary to implement the postpetition financing, including the adequate protection obligations to the prepetition secured lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Financing Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Principal to grant adequate protection and liens to the prepetition secured lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Principal pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Attorney-in-fact approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

j)   to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Financing Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Principal is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Financing Documents, collectively, the "Financing Documents") and to incur and pay or cause to be paid all related fees

2

and expenses, with such changes, additions and modifications thereto as an Attorney-in-fact executing the same shall approve;

k)  to (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Financing Documents to which the Principal is a party, which shall in their sole judgment be necessary, proper, or advisable to perform the Principal's obligations under or in connection with the DIP Orders or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery thereof by such Attorney-in-fact to be deemed conclusive evidence of the approval and ratification thereof by such Attorney-in-fact or that such Attorney-in-fact deemed such standard to be met;

l)  to (a) prepare any amendments, waivers, consents, supplements, or other modifications under the DIP Financing Documents and/or all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Financing Documents or otherwise permitted thereunder or related thereto (each an "Additional DIP Facility Document") to which the Principal is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Attorney-in-fact shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Attorney-in-fact to be conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof.

In addition to the specific authorizations heretofore conferred upon the Attorneys-in-fact, each Attorney-in-fact, each individually, hereby is authorized, directed and empowered to execute (under hand or under the common seal of the Principal if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, amendments, supplements, waivers, consents and other documents on behalf of the Principal relating to the Restructuring Matters or to fulfil the intent of the foregoing authorizations.

Each of the Attorneys-in-fact (and their designees and delegates) be, and hereby is, authorized and directed and empowered in the name of and on behalf of the Principal, to take or cause to be taken any all such other and further action, and to execute (under the common seal of the Principal, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, amendments, supplements, waivers, consents and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Attorney-in-fact's or Attorneys-in-fact' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the authorizations granted herein.

Each Attorney-in-fact hereby is authorized, directed and empowered in the name of, and on behalf of, the Principal to do all such other acts, deeds and other things as the Principal itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in this Power of Attorney, including, but not limited to, the negotiation, finalization, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

3

To the extent legally permissible, each Attorneys-in-fact shall be released from the restrictions set forth in sec. 181 of the German Civil Code and any similar restrictions on self-dealing and multiple party representations pursuant to any other jurisdiction and shall be authorized to grant and to revoke sub-powers of attorney in the same extent – also including the release from any restrictions on self-dealing and multiple party representation – within the scope of this Power of Attorney.

In case of doubt, this Power of Attorney shall be construed extensively in order to achieve the purpose for which it was granted. This Power of Attorney may be used several times.

To the extent legally permissible, the liability of the Attorneys-in-fact is excluded.

The Principal hereby undertakes to recognize and, if necessary, ratify all documents, deeds, acts, declarations and measures which any of the Attorneys-in-fact executes, issues or takes in the exercise of this Power of Attorney.

This Power of Attorney shall be governed by the laws of the Federal Republic of Germany, without regard to the principles of conflicts of law. The Regional Court Berlin shall have exclusive jurisdiction for any and all disputes in connection with this Power of Attorney.

*[Signature page follows]*

 

By: Franco Ortelli
Title: Director

By: Stefano Alfredo Sancassani
Title: Director

By: Roman Juriy Theodor Wowk
Title: Director

*[Signature Page to Marelli Aftermarket Germany GmbH Power of Attorney]*

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Marelli Aftermarket Germany GmbH** |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **06/11/2025** | ☒ */s/ Marisa Iasenza* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Marisa Iasenza** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors